Filed 11/27/23  Levy v. Levy CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ESTHER LEVY, | B321095 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC107051) |
| v. | |
| AVRAHAM LEVY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Virginia Keeny, Judge.  Affirmed.

———————

Esther Levy, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

———————

Plaintiff and appellant Esther Levy appeals from the judgment following a court trial on her claims against defendant and respondent, her brother Avraham Levy.[1]  The court below concluded that all of appellant's claims—for fraud, intentional infliction of emotional distress (IIED), and breach of contract—were time-barred.  Appellant's claims are based in part on a purported oral promise by respondent that, at some time in the future, he would transfer certain real property to her as compensation for services she would provide, including working at respondent's business for little or no wages and assisting his family with childcare.  Appellant did not identify any specific length of time she was to perform these services under the purported agreement.

Appellant contends that her claims did not accrue until respondent sold the property to a third party in August 2017, and thus that her March 28, 2018 complaint is not time-barred. We agree with the trial court that her claims accrued no later than November 19, 2013, and that her claims are thus barred by the applicable statutes of limitations, the longest of which is four years.[2]

A "cause of action [for fraud] is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud" (Code Civ. Proc., § 338, subd. (d)), meaning " 'when the plaintiff discovers or should have discovered all facts essential to his cause of action.' " (*April Enterprises, Inc. v. KTTV* (1983) 147 Cal.App.3d 805, 826; accord, *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 807 (*Fox*) [cause of action accrues when "the

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1.

[2] Because we affirm on this basis, we need not and do not opine on the merits of any of her claims.

plaintiff discovers, or has reason to discover, the cause of action"].) At what point this occurs is a factual issue we review for substantial evidence. (*April Enterprises, supra,* at p. 833.) Appellant testified that, in November 2013, she gave respondent $6,000 at his request to assist him in paying the mortgage on the property, but insisted that in return he execute a written agreement memorializing their mutual understanding that the property would ultimately be hers, and that they agreed to meet with a lawyer the next day to put the property in her name.[3] The court found appellant forged her brother's signature on what she presented to the court as this written agreement, and appellant does not challenge this finding on appeal. Appellant further testified that, no later than November 19, 2013, she knew respondent was not going to honor the written agreement and "told her that she would have to pay him another $100,000 for him to agree to put the house in her name." This testimony constitutes substantial evidence that, at the latest by November 19, 2013, appellant had information "sufficient to make a reasonably prudent person suspicious of fraud" in connection with any agreement to give her the property for services rendered (*Bedolla v. Logan & Frazer* (1975) 52 Cal.App.3d 118, 130), and that a cause of action based on such fraud accrued at that time.

"A cause of action for [IIED] accrues, and the statute of limitations begins to run, once the plaintiff suffers severe emotional distress as a result of outrageous conduct on the part of the defendant." (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th

---

[3] Appellant also testified that she had given respondent $2,000 for the mortgage earlier in November 2013, but that she did not insist on the written agreement and immediate transfer of the property in connection with that $2,000 payment.

857, 889.) Appellant's IIED claim stems from the distress she experienced as a result of respondent not making good on his promise to give her the property, and thus accrued at the time she knew or should have known he would not do so. (See *Fox, supra*, 35 Cal.4th at p. 807 ["[a] plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements' "].) Appellant's testimony identified above provides substantial evidence that she should have known no later than November 2013—when respondent began asking for money as a prerequisite for his giving her the property—that he did not intend to honor any oral promise or written agreement to give her the property in exchange for services rendered and/or money she had already paid him.

As for appellant's breach of contract claim, the parties modified any oral agreement on which appellant might base such a claim when, as appellant testified occurred, she and respondent agreed that respondent would transfer the property into appellant's name in November 2013 once she gave him $6,000 to assist with paying the mortgage. Appellant performed under the modified agreement by paying that sum in early November 2013, triggering respondent's duty to transfer the property to her. He thus breached any agreement that may have existed when he failed to transfer the property in November 2013, and appellant was aware of this breach no later than November 19, 2013, when respondent informed her he would not transfer the property unless she gave him $100,000. Thus, appellant's breach of contract claim, like her other claims, accrued no later than November 19, 2013.

The court did not err in concluding that the applicable statutes of limitations barred appellant's claims, all of which accrued no later than November 2013. (See Code Civ. Proc., § 338, subd. (d) [three-year statute of limitations for fraud]; *id.*,

4

§ 335.1 [two-year statute of limitations for IIED claim]; *id.*, § 339 [two-year statute of limitations for "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing"]; see also *id.*, § 337, subd. (a) [four-year statute of limitations for breach of a written contract].)

## DISPOSITION

For the above reasons, we affirm the judgment.  The parties shall bear their own costs on appeal.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

WEINGART, J.